UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENNIS DUFRENE | CIVIL ACTION |
| VERSUS | NO. 21-1568 |
| BRINKERS LOUISIANA INC., *et al.* | SECTION M (4) |

## **ORDER & REASONS**

Before the Court is a motion *in limine* filed by defendant Brinkers Louisiana, Inc. ("Brinkers") in which it seeks to exclude from trial: (1) evidence of medical causation, which requires expert testimony, sought to be introduced through lay witnesses; (2) any opinions of treating physicians, including medical causation, that are not contained within the medical records plaintiff provided to Brinkers; (3) any opinion or testimony from an expert for whom no disclosures were provided timely; (4) any evidence of medical diagnosis, treatment, and prognosis sought to be introduced through hearsay.[1] Also before the Court is Brinkers' motion for partial summary judgment seeking dismissal of plaintiff's lost earnings and lost earning capacity claims.[2] Both motions were set for submission on June 16, 2022.[3] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which deadline in this instance was June 8, 2022. Plaintiff Dennis Dufrene, who is represented by counsel, did not file

---

[1] R. Doc. 14.
[2] R. Doc. 16.
[3] R. Docs. 14-4; 16-9.

an opposition to either motion. Accordingly, because the motions are unopposed and appear to have merit,[4]

IT IS ORDERED that Brinkers's motion *in limine* (R. Doc. 14) is GRANTED, and the following is excluded from trial: (1) evidence of medical causation, which requires expert testimony, sought to be introduced through lay witnesses; (2) any opinions of treating physicians, including medical causation, that are not contained within the medical records plaintiff provided to Brinkers; (3) any opinion or testimony from an expert for whom no disclosures were provided timely; (4) any evidence of medical diagnosis, treatment, and prognosis sought to be introduced through hearsay.

IT IS FURTHER ORDERED that Brinkers' motion for partial summary judgment on Dufrene's lost earnings and lost earning capacity claims (R. Doc. 16) is GRANTED, and those claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 16th day of June, 2022.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[4] Dufrene alleges that he was injured in a slip-and-fall accident inside a Chili's Bar and Grill restaurant owned by Brinkers. R. Doc. 1-2. Pursuant to this Court's scheduling order, Dufrene's expert disclosures were due on April 25, 2022. R. Doc. 8 at 2-3. Dufrene did not produce any expert reports or any other expert disclosures required by Rule 26 of the Federal Rules of Civil Procedure. R. Doc. 14-1 at 1-2. Therefore, Dufrene may not introduce at trial the opinions or testimony of experts for whom a report or proper disclosures were required under Rule 26, including, but not limited to, evidence of medical causation and opinions of treating physicians not included within the medical records. Further, neither Dufrene, nor any other witness, may testify as to hearsay statements regarding his medical diagnosis, treatment, or prognosis. However, the Court will evaluate contemporaneous hearsay objections as they are made at trial. Moreover, Dufrene has no evidence to support his claim for lost earnings and lost earning capacity. R. Doc. 16-1 at 1-7. Thus, these claims must be dismissed.