UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DENNIS DUFRENE                                         CIVIL ACTION

VERSUS                                                 NO. 21-1568

BRINKER LOUISIANA, INC.                                SECTION M (4)

## ORDER & REASONS

Before the Court is a motion for summary judgment filed by defendant Brinker Louisiana, Inc. ("Brinker").[1] Plaintiff Dennis Dufrene responds in opposition,[2] and Brinker replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants Brinker's motion and dismisses Dufrene's claims with prejudice.

## I.     BACKGROUND

This case concerns a slip-and-fall accident. Brinker owns and operates a Chili's Grill & Bar restaurant in Houma, Louisiana.[4] Dufrene alleges that on November 16, 2019, he slipped and fell due to a wet floor inside the restaurant.[5] According to Dufrene, there were no wet floor signs and a Brinker's employee "admitted on the scene that they had prior notice of the liquid and should have mopped it up."[6] Dufrene claims that he injured his right knee resulting in arthroscopic surgery.[7]

---

[1] R. Doc. 17.
[2] R. Doc. 19.
[3] R. Doc. 25.
[4] R. Doc. 1-2 at 1.
[5] Id.
[6] Id.
[7] R. Doc. 1 at 3 (citing R. Doc. 1-4).

On November 16, 2020, Dufrene filed this suit in the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana, alleging that Brinker's negligence caused the accident.[8] On August 18, 2021, after receiving a settlement demand that clarified the amount in controversy, Brinker removed the action to this Court invoking diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[9] Then, on November 10, 2021, this Court entered a scheduling order setting August 22, 2022, as the trial date.[10] The scheduling order also established various pretrial deadlines, including: April 25, 2022, for plaintiff's expert disclosures; May 24, 2022, for defendant's expert disclosures, and for filing the parties' witness and exhibit lists; June 16, 2022, for hearing timely filed dispositive motions; and July 22, 2022, for the completion of discovery.[11]

## II.   PENDING MOTION

On March 31, 2022, Brinker filed the instant motion for summary judgment arguing that Dufrene cannot meet his burden of proof under La. R.S. 9:2800.6(B), which governs premises liability for merchants.[12] Specifically, Brinker argues that Dufrene has no evidence that it either created or had actual or constructive notice of the condition that allegedly caused the accident.[13] Brinker supports its motion with the declaration of Kierika Clark, the manager who was on duty at the time of the accident.[14] Clark states that she did not see the accident, but spoke with Dufrene immediately afterwards.[15] She did not see any "spill, liquid, or other moisture on the floor in the area" where Dufrene alleged he fell, nor did she see anyone else fall in that area on the day of the accident or any other day.[16] Further, she was not aware of anyone reporting any spills, liquid, or

---

[8] R. Doc. 1-2 at 1-7.
[9] R. Doc. 1 at 1-6.
[10] R. Doc. 8 at 4.
[11] *Id.* at 1-3.
[12] R. Doc. 17.
[13] *Id.* at 6-10.
[14] R. Doc. 17-3.
[15] *Id.* at 1.
[16] *Id.* at 1-2.

other moisture on the floor in that area on the day of the accident.[17]  Nor was she aware of any other incident involving a customer slipping and falling in that area at any other time in the ten years of her employment at the restaurant.[18]  Brinker, citing Dufrene's testimony that he heard someone say "I told y'all someone was going to fall," also argues that Dufrene cannot rely on inadmissible hearsay to prove actual knowledge.[19]

In opposition, Dufrene argues that there is a genuine issue of material fact as to whether Brinker had actual notice of the allegedly wet floor, particularly whether an unidentified Brinker employee admitted after the accident that he knew the floor was wet.[20]  Dufrene further argues that this Court should not rely on Clark's affidavit because he has not been able to depose her or any other Brinker employee.[21]  Dufrene also argues that Brinker lulled him into allowing his pretrial deadlines to lapse by offering a continuance and then, instead of following through with the continuance, filing the instant motion along with two other motions.[22]

Brinker replies reiterating that Dufrene has no admissible evidence of actual knowledge.[23]  Brinker also argues that its motion is ripe for consideration because Dufrene has not diligently pursued discovery.[24]  According to Brinker, Dufrene sent his first request for depositions on May 13, 2022, when the case had been pending for more than 18 months, and when there was not sufficient time to produce results for summary-judgment briefing.[25]  Nevertheless, Brinker

---

[17] *Id.* at 1.
[18] *Id.* at 2.
[19] R. Doc. 17-1 at 9-10.  Brinker maintains that Dufrene's testimony provides no other evidence that it created or had actual notice of the alleged hazard.  He testified that he did not know what the substance was, where it came from, or how long it was on the floor before his fall, much less that any Brinker employee had such knowledge – apart from the hearsay statement.  *See id.* at 1-2 (citing Dufrene's deposition testimony, R. Doc. 17-2).
[20] R. Doc. 19 at 8-10.  Dufrene concedes that he does not contend that Brinker had constructive knowledge of the allegedly wet floor.  *Id.* at 9-10.
[21] *Id.* at 2-3, 5-6.
[22] *Id.* at 3-5.
[23] R. Doc. 25 at 1-5.
[24] *Id.* at 5-7.
[25] *Id.* at 6-7.

responded to Dufrene with a request for a proper corporate deposition notice (listing the topics for examination) and a proposed continuance.[26] Brinker contends that Dufrene still has not sent the proper deposition notice, nor has he complied with Brinker's discovery requests, which required Brinker to file a motion to compel.[27]

### III.  LAW & ANALYSIS

#### A.  Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a

---

[26] *Id.*
[27] *Id.* at 7.

whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37

5

F.3d at 1075-76.

### B. Premises Liability

Under Louisiana law, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A).  "This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." *Id.*  To prove a negligence claim against a merchant in a slip-and-fall case, a plaintiff must prove all the following:

> (1) The condition [existing in or on a merchant's premises alleged to have caused the fall] presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. …

La. R.S. 9:2800.6(B).  The heightened burden under subsection B – as compared to the burden under subsection A – applies in situations where a customer falls on a merchant's premises.  *Davis v. Wal-Mart Stores, Inc.*, 774 So. 2d 84, 90 (La. 2000) (citing *Smith v. Toys "R" Us, Inc.*, 754 So. 2d 209 (La. 1999)).  "Failure to prove any one element negates a plaintiff's negligence action." *Martin v. Boyd Racing, L.L.C.*, 681 F. App'x 409, 411 (5th Cir. 2017).  The Fifth Circuit has observed that this "statute places a heavy burden of proof on plaintiffs in slip and fall cases," which cannot be met by "[m]ere speculation or suggestion." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quotations omitted).

Dufrene has failed to meet his burden of demonstrating that Brinker created or had actual notice of the allegedly hazardous condition. Brinker submits summary-judgment evidence that it lacked actual knowledge of the wet floor.  Once Brinker presented this evidence, the summary-judgment burden shifted to Dufrene.  To prove notice Dufrene relies on his own testimony that he

heard a Brinker employee say that someone "was going to fall." But this testimony is not sufficient to sustain his burden on summary judgment of demonstrating a factual issue concerning Brinker's actual knowledge of the alleged hazard. The purported statement of the unidentified Brinker employee is inadmissible hearsay.[28] Hearsay is an out-of-court statement offered for the truth of the matter asserted. Fed. R. Evid. 801(c). Hearsay statements are inadmissible unless otherwise permitted by the Federal Rules of Evidence or other federal statute or rule. Fed. R. Evid. 802. A statement against interest is an exception to the rule against hearsay (which may apply if the declarant were a Brinker employee), but such a statement is admissible only if the declarant is considered unavailable for trial because he or she:

> (1) is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies;
>
> (2) refuses to testify about the subject matter despite a court order to do so;
>
> (3) testifies to not remembering the subject matter;
>
> (4) cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or
>
> (5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure: …
>
>   (B) the declarant's attendance or testimony ....

Fed. R. Evid. 804(a). Dufrene has not identified the Brinker employee who supposedly made the statement, much less demonstrated that he or she is unavailable for trial for one of the enumerated reasons as would make the hearsay statement admissible. Thus, Dufrene cannot rely on this statement to overcome summary judgment against him. *See Jackson v. Bd. of Supervisors of La.*

---

[28] Notably, Dufrene's assertion that the statement was made by a Brinker employee is itself conjecture. Dufrene's deposition testimony simply indicates that the alleged statement was made by someone with a male voice, who he could not see, "hollering from the kitchen," which he believed was an employee-only area. R. Doc. 19-3 at 1, 3, 5-6.

*State Univ.*, 307 So. 3d 227, 232-33 (La. App. 2020) (holding that alleged statement against interest made by unidentified LSU employee was inadmissible to prove constructive notice in a premises liability case).

Dufrene's plea for more time to respond to Brinker's motion for summary judgment is without merit. The Court finds that the motion is ripe for consideration because Dufrene did not diligently pursue discovery during the long pendency of this litigation. *See Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992) ("the non-movant must diligently pursue relevant discovery – the trial court need not aid non-movants who have occasioned their own predicament through sloth"). The record reflects that Dufrene did not ask for any depositions until May 13, 2022, by which date the litigation had been pending for more than 18 months and the dispositive motion deadline was looming.[29] And the earliest date Dufrene proposed for depositions (*viz.,* June 15, 2022) was well after the date dispositive motions were due to be filed.[30] Thus, as true for the plaintiff in *Baker v. American Airlines, Inc.*, in which the Fifth Circuit upheld the district court's refusal to extend the deadline for responding to a motion for summary judgment, Dufrene here neglected to seek depositions "until the last days of the allotted period" when they "were too late to produce results for use in the summary judgment briefing." 400 F.3d 750, 755 (5th Cir. 2005). Nor has Dufrene even tried to satisfy the burden under Rule 56(d) of establishing, by affidavit or declaration, specified reasons he cannot present facts essential to justify an

---

[29] R. Doc. 25-2. The dispositive motion deadline in the scheduling order required that such motions be filed and served in sufficient time to permit hearing no later than June 16, 2022. R. Doc. 8 at 1. Under the local rules, then, the last date dispositive motions could be filed was 15 days before the scheduled hearing date, or June 1, 2022. LR 7.2. The instant motion for summary judgment was filed by Brinker on May 31, 2022, just a single day before the deadline expired. Thus, it can hardly be said that Brinker jumped the gun.

[30] R. Doc. 19-5 at 2.

8

opposition. Finally, it was unreasonable for Dufrene to rely on a proposed continuance that was never completed. His lack of diligence cannot be used as an excuse to prolong the litigation.[31]

## IV.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Brinker's motion for summary judgment (R. Doc. 17) is GRANTED, and Dufrene's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 8th day of July, 2022.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[31] The Court has reviewed Dufrene's motion for extension of deadlines (R. Doc. 23) and his motion for reconsideration (R. Doc. 26) but finds that neither motion weighs against granting Brinker's motion for summary judgment.