UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENNIS DURENE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-01568** |
| **BRINKER LOUISIANA INC. AND XYZ INSURANCE COMPANY** | **SECTION: "G" (4)** |

**ORDER**

Before the Court is Defendant Brinker Louisiana's Inc., **Motion to Fix Attorneys' Fees (R. Doc. 27).** The motion is unopposed. The motion was heard on the briefs.

**I.      Factual Summary**

This matter concerns a slip and fall that allegedly occurred on November 16, 2019, at a Chili's restaurant located in Houma, Louisiana. Defendant propounded Interrogatories and Requests for Production of Documents on Plaintiff on January 26, 2021, including standard authorizations which would allow Defendant to obtain relevant records pertaining to Plaintiff's SSDI and IRS records.

After a multitude of professional courtesies were extended and countless discovery conferences were conducted, Defendant filed a Motion to Compel Executed Authorizations (R. Doc. 9) on May 16, 2022. This Court entered its order on June 22, 2022, requiring Plaintiff to produce executed authorizations no later than fourteen (14) days from the signing of the order. R. Doc. 20. It was further ordered that Defendant shall file a motion to fix attorney's fees into the record by July 5, 2022, along with the required supporting evidence. *Id.* The Defendant has complied with the court's order submitting a fee request of $2,835.00 for work associated with the motion to compel.

**II.     Standard of Review**

Pursuant to Federal Rule of Civil Procedure 37, Brinker is entitled to reasonable attorneys'

fees associated with the making of its Motion to Compel Executed Authorizations. A court's discretion in fashioning a reasonable attorneys' fee is broad and reviewable only for an abuse of discretion. To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee aware, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. Reasonable hourly rates are to be calculated according to the prevailing market rates in the relevant community.

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v.*

---

[1] The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

*Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**II.   Analysis**

    **A.  Reasonableness of the Hourly Rates**

Defendants seek to recover the attorney's fees for Benjamin R. Grau[2], Megan Peterson[3], and Alexandra Celio[4]. The rates billed to the client range from $200-225 per hour.

Brinker contends that the rates sought by its lawyers are reasonable and consistent with rates determined reasonable in this district. Grau, according to his affidavit, has been a member of the bar since 1999 and has practiced in the area of premises liability for nearly all of his career. Like Grau, Peterson has practiced premises liability nearly all of her career and is also a partner. Peterson has been a member of the bar since 2011. Celio has been practicing premises liability for three years and she has been licensed to practice law since 2019.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community" for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812

---

[2] Grau is the trial attorney and a partner with Simon, Peragine, Smith and Redfearn in the matter.
[3] Peterson is a partner with the firm.
[4] Celio is an associate with the firm.

F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

In this case the rates of the billing attorneys are not contested, and they are therefore reasonable. Therefore, the reasonable rate for Grau is $225.00, Peterson is $225.00, and Celio is $200.00.

B. **Determining the Reasonable Hours Expended**

Grau (.30 hours), Peterson (2.7 hrs), and Celio (10.8 hrs) seek a total of 13.7 hours for the drafting, review, and arguing the motion to compel. The reasonableness of the hours is not contested.

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of billing judgment. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not billed properly to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434.

The Court has reviewed the contemporaneous billing records and finds that they are reasonable.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Benjamin Grau | .30 | 225.00 | 67.50 |
| Megan Peterson | 2.7 | 225.00 | 607.50 |
| Alexandra Celio | 10.8 | 200.00 | 2,160.00 |
| Total | | | $2,835.00 |

The total reasonable fee award is $2,835.00.

D.     **Johnson Factors**

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).

Considering the *Johnson* factors, the Court finds that no adjustment is warranted.

**III.**     **Conclusion**

Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion for Attorney's Fees (R. Doc. 27)** is **GRANTED** and that the Defendant is awarded reasonable attorney's fees in the amount of $**2,835.00**

**IT IS FURTHER ORDERED** that Plaintiff and his counsel shall satisfy their obligation to the Defendant **no later than twenty-one (21) days** after the signing of this order.

New Orleans, Louisiana, this 20th day of July 2022.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**